# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WALTER LEE PAIGE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal No. 07-00134-CG |
| ) | Civil No. 14-00122-CG-C |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the court on the motion for reconsideration of the court's order (Doc. 31) and judgment (Doc. 32) filed by the petitioner Walter Lee Paige (Doc. 33).

This court adopted the Magistrate Judge's report and recommendation and ordered Paige's request for habeas corpus relief dismissed because the petition is time-barred. (Doc. 31). The court finds that the motion is due to be denied.

## LEGAL ANALYSIS

Reconsideration is considered an "extraordinary" remedy that is to be employed "sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005); also Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) (finding that "litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F.Supp. 1514, 1521 (M.D. Fla.

1995). Generally, courts have recognized three grounds that justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

Paige's motion clearly does not satisfy the first two of the three criteria, but his argument conceivably could satisfy the third, as he claims the court clearly erred by not addressing one of his grounds for relief. Paige contends that this court failed to decide "whether the nationwide directive of the department of Justice to concede retroactivity of Descamps v. United States, 133 S.Ct. 2276 (2013), constituted a concession to the Statute of limitation bar pursuant to § 2255(f)(3)." (Doc. 33 at p.2). The problem with this claim is that this issue was not before the court for decision. It's true that reference was made to a "nation-wide directive instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review" in Parker v. Walton, 13-CV-1110-DRH-CJP, 2014 WL 1242401 (S.D. Ill. Mar. 26, 2014) reconsideration denied, 13-CV-1110-DRH-CJP, 2014 WL 1672937 (S.D. Ill. Apr. 28, 2014).

In Paige's case, however, the United States has specifically stated that it is not asserting that Descamps is not retroactive (Doc. 30). Rather it's position is that Descamps did not identify a newly recognized right, and thus does not meet the criteria for triggering a one-year period for filing a 2255 motion pursuant to 28 U.S.C. § 2255(f)(3). (Docs. 26, at pp. 2-3, Doc. 30). No argument was raised by

2

either party that the "nationwide directive" constituted a waiver of the statute of limitations defense. That would only be possible if there was also a concession that Descamps identified a newly recognized right, which clearly did not occur here.

Accordingly, the court finds that it did not fail to address an issue properly raised by petitioner as a ground for relief, and **DENIES** the motion for reconsideration.

**DONE** and **ORDERED** this 7th day of August, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE